## CHARD *et al. v.* HARRISON *et al.*

| 7 | 113 |
| 122 | 423 |

The power to grant a ferry-license is not judicial, and its exercise properly belongs to the supervisors.

The exercise of such a power by a County Judge, is, therefore, an excess of jurisdiction, which can be properly reviewed on *certiorari.*

It is not necessary to the exercise of the power to review, that the Court issuing the writ of *certiorari* should possess appellate jurisdiction, and the writ may issue from a District Court to a County Judge.

APPEAL from the District Court of the Ninth Judicial District, of the County of Shasta.

This appeal is prosecuted from an order, or judgment, of the District Court of the Ninth Judicial District, dismissing a writ of *certiorari*, previously issued to the County Judge of Tehama county, commanding him to certify certain proceedings had before him, in a matter involving the granting of a ferry-license.

It appears from the record that Chard and Finch, the appellants, had been for several years running a ferry across the Sacramento river at Tehama, under a license from the proper authorities of that county; that in July, 1855, Stone, one of the defendants, made application to the supervisors for license to establish a ferry within one mile of the plaintiffs; that said application was resisted by the plaintiffs, who protested against the supervisors acting in the premises, on the ground that they were interested. The whole matter was certified to the County Judge, who made an order granting to Stone the right to establish a ferry in conformity to the prayer of his petition, and a further order renewing the license of appellants.

*Edwards & English* for Appellants.

1. The appellants having kept their ferry according to the

requirements of the law, under this previous license, were, as a matter of right, entitled to a renewal thereof. Acts of 1855, p. 184, § 7; acts of 1855, p. 187, § 27.

This Court will presume that their ferry was so kept, from the fact that the County Judge ordered its renewal. Such order would not have been made if such compliance had not appeared.

2. The County Judge had no jurisdiction of the application of the respondent. The statute to which reference is had, does not authorize the transfer of an application made to the supervisors. Did it not intend an original application to the County Judge, with an averment of the facts, which give him the jurisdiction in derogation of the general law? Acts of 1855, p. 187, § 25.

In this view of the law, the appellants made their application directly to the County Judge, and if they were correct, then the County Judge might have jurisdiction of their complaint, while he could have none whatever of the respondent.

3. If the County Judge is to be regarded as *pro hac vice* the board of supervisors, then, upon the authority of The People, upon the relation of Church *v.* Hester, decided at the October Term, 1856, of this Court, it might be argued that the writ did not lie, because he was not acting judicially; but if not acting judicially, how was he acting?

It has been often held by this Court that no special powers, other than judicial, can be constitutionally conferred upon a County Judge. Among others, are the following cases: Dickey *v.* Hulbert, July Term, 1855; Scale *v.* Wardwell, October Term, 1855; Williams *v.* Thompson, January Term, 1856; The People *v.* Nevada, April Term, 1856.

If, therefore, the functions of the Judge were not judicial, then his action was without jurisdiction, and wholly void.

*Garter & Earl, and J. O. Goodwin,* for Respondents.

The writ of *certiorari,* in this case, was improperly issued, provided the Judge has jurisdiction to review the proceedings of the County Judge, on *certiorari.*

The affidavit and petition, upon which it is allowed, show no cause for issuing it. It states that Daniel Finch obtained, on the first day of October, A. D. 1854, a license from the board of supervisors of Butte county, to run a ferry for one year, and, at the expiration thereof, he obtained a renewal of the same.

At the time alleged by the petitioner, there was no such board in the county of Butte. The board of supervisors for that county was not created until the passage of the act of March 20, 1855. See page 51, of Laws of 1855.

Neither do the appellants show, by their petition and affidavit, that the County Judge exceeded his jurisdiction, or that he did not pursue the authority conferred by law. On the contrary, they show that he had jurisdiction, and properly pursued his

authority. Statutes of Cal., 1855, p. 183, § 2, p. 187, § 25.   6 Cowen, 396.

The writ of *certiorari*, by our statute, is a writ of review, and therefore is only authorized by Courts or Judges having appellate jurisdiction. When issued after judgment, it is in place of a writ of error, for the purpose of reviewing the proceedings of the inferior tribunal or officer. Compiled Laws, 601, 602; 3 Bouvier's Law Institute, 556–558; 1 Burrill's Law Dictionary, 195; Tidd's Practice, 400; 1 Bouvier's Law Dictionary, p. 337, § 90.

MURRAY, C. J., after stating the facts, delivered the opinion of the Court.—BURNETT, J., concurring.

The act concerning public ferries and toll-bridges, passed April 28, 1855, devolves the power of establishing public ferries upon the supervisors of the various counties of the State. The twenty-fifth section of the act provides, that when any member of the board of supervisors is interested in the establishment or construction of any ferry or toll-bridge, or in counties where no board of supervisors is organized, the County Judge shall exercise the same duties as those that are devolved on the supervisors.

It will be observed that the Legislature has lodged the power of granting ferry-privileges, by this act, in two distinct branches of the government : First, with the supervisors, which is political or legislative in its character; and, Second, in the judiciary.

There are many acts necessary to be done, in the administration of government, which are of a mixed character, and cannot strictly be termed either legislative, executive, or judicial, and which might, without impropriety, be conferred on any one of the departments of the government. In other words, if the Legislature should confer a power on one department, which did not in its nature strictly belong to some other branch of the government, we would not interfere with what might be considered a proper legislative discretion, but would recognize the exercise of the power, where it had been committed. But, by the Constitution of this State, the powers of government have been divided into three departments, and it is obligatory upon this Court, to prevent and restrain one department from exercising functions properly appertaining to another.

If the duty of establishing ferries had been given to the County Judge alone, we are not prepared to say that it would have been improper; but, having been entrusted to two different branches of the State government, we are bound to decide to which one it properly belongs, as we are satisfied it cannot exist in both at the same time. If it could, we would have presented the anomaly of a proceeding, legislative or ministerial, where the supervisors could act, in which their discretion could not be reviewed—or judicial, when entertained by the County

Judge, with all the legitimate consequences of a trial, as in other cases.

The power to grant a franchise is political in its nature. In England, these grants emanate from the Crown; in this country, the people are the source of power, and represent, in that respect, the Crown. The power belongs to the Legislature, and may properly be delegated, under the Constitution, to the supervisors, who are invested with authority to superintend the fiscal and police affairs of the county.

In many States this power is given to the County Courts and Courts of Sessions, and I do not know of the propriety of its exercise having ever been questioned; in fact, it has sometimes been held to be judicial, but in all such cases there was no constitutional provision similar to that of ours, and although the general doctrine, that Courts could exercise none but judicial functions has always obtained, they have not observed that strictness, in determining the precise nature of the acts enjoined on them, which they would have been compelled to do, had the Constitutions of those States been similar to our own. For instance, it has been held that the levying of a tax, the laying out, opening, or widening of a street, were sufficiently judicial in their nature to warrant a Court in entertaining jurisdiction of the subject, and yet, it would hardly be contended that, under our Constitution, the County Judge, or any other judicial officer, could exercise these powers.

Our conclusion, from a careful examination of the whole subject, as well as the former opinions of this Court, is, that the power to grant a ferry-license is not judicial, and that its exercise properly belongs to the supervisors.

From the foregoing, it results that the County Judge exceeded his jurisdiction, in entertaining and determining the application.

By the four hundred and fifty-sixth section of the Practice Act, the writ of *certiorari* is made the proper remedy in such cases; to the exercise of this power it is not necessary that the Court issuing the writ should possess appellate jurisdiction. See People v. Hester, Oct. T., 1856.

The District Court erred in dismissing the writ, the want of jurisdiction appearing on the face of the proceedings; the order of the County Judge should have been set aside, and he restrained from further acting in the matter.

Judgment reversed.