[S. F. No. 713.  In Bank.—November 25, 1898.]

THE PEOPLE, ex rel. ROBERT G. DEAN, Petitioner, v.
 BOARD OF SUPERVISORS OF CONTRA COSTA
 COUNTY, Respondent.

FRANCHISE—ACTION IN GRANTING IS LEGISLATIVE.—CERTIORARI.—Action
 taken by a board of supervisors in granting a franchise, in
 pursuance of the act of March 23, 1893, is purely legislative,
 and not judicial or *quasi* judicial, and its correctness cannot be
 reviewed on certiorari.

ID.—WHARF—ACT OF MARCH 23, 1893.—The granting of a franchise to
 construct and maintain a wharf is within the purview of the
 act of March 23, 1893, establishing the conditions upon which
 franchises and other privileges may be granted.

ID.—POLITICAL CODE.—After the taking effect of the act of March 23,
 1893, the granting of franchises by boards of supervisors was
 governed by its provisions, and not by the provisions of the
 Political Code.

APPLICATION for a writ of certiorari to review the action
of the board of supervisors of Contra Costa county in granting
a franchise.

The facts are stated in the opinion of the court.

Robert Y. Hayne, and Charles P. Eells, for Petitioner.

Certiorari is the proper remedy. (*Murray v. Board of Super-
visors*, 23 Cal. 492; *Levee District v. Farmer*, 101 Cal. 181;
*Damrell v. Supervisors of San Joaquin Co.*, 40 Cal. 154; *Fall v.
Paine*, 23 Cal. 303.) The supervisors had no power to give
away the franchise. They had not even power to sell it for
anything else than cash. (*Thompson v. Board of Supervisors*,
111 Cal. 558.)

Garber & Garber, for Respondent.

GAROUTTE, J.—This is an application for a writ of *cer-
tiorari* to review the action of the board of supervisors of Contra
Costa county in granting to one McNear a franchise to con-
struct and maintain a wharf upon the southern shore of the
straits of Carquinez. It is claimed by the petitioner that the
action of the board in granting the franchise was wholly with-
out the law.

Section 1 of an act of the legislature, approved March 23, 1893, declares: "Every franchise or privilege to erect or lay telegraph or telephone wires, to construct or operate railroads along or upon any public street or highway, or to exercise any other privilege whatever hereafter proposed to be granted by the board of supervisors, common council, or other governing or legislature body of any county, city and county, city, town, or district within this state, shall be granted upon the conditions in this act provided, and not otherwise." This language is broad in its terms. It is difficult to imagine language broader in significance and more explicit upon the subject with which the act is dealing. It includes franchises such as is here before us.

It is now claimed upon the part of McNear that the board of supervisors in no degree, and to no extent, followed the law laid down in this act, and required to be pursued by the board in the granting of this franchise; but it is insisted that the board made a grant of the franchise under certain provisions of the Political Code, and, therefore, it is claimed that the act of the legislature passed in 1893 cannot furnish the test upon which to base a decision as to an exercise or nonexercise of judicial functions upon the part of the board in granting the franchise. This position cannot be maintained. This franchise should have been granted by the board of supervisors under the provisions of the act of 1893. If the granting of a franchise under the act by the board demands the exercise of judicial functions, then the granting of this franchise in disregard of the provisions of the act is an act performed in excess of judicial power. If a franchise may be granted lawfully only by the exercise of judicial power, then any other mode or manner of granting it would be an act of trespass upon that power, and outside of and beyond it.

It is contended that the action of the board of supervisors in granting the franchise under the act of 1893 in no sense calls for the exercise of judicial functions, and therefore *certiorari* is not the proper remedy. Let us pause a moment to examine this act. It will be observed that it is an act simply providing the course to be followed by the board in granting the franchise, and but two things are required to be done by that board:

1. A notice must be published describing the franchise to be granted, and asking for bids therefor; and 2. Upon a date stated in the notice the bids are to be opened, and the franchise awarded to the highest bidder. As to the authority to reject all bids we are not now concerned. There is nothing calling for the exercise of judicial functions in the publication of the notice required by the statute, and certainly nothing involving the exercise of judicial functions upon the part of the board in arriving at a determination as to who is the party making the highest bid, for such decision is based upon mathematical computation. Hence the single question remains, Is the granting of the franchise a judicial or legislative act? That such a grant is essentially and entirely legislative cannot be questioned; and for the judicial department of the government to interfere by *certiorari* with legislative action would constitute a usurpation of power.

A franchise is a special right or privilege granted by the people to an individual, and under the act of 1893 the grant is based upon valuable considerations. The legislative character of the grant is the same whether it passes to the individual from the people, *via* the state legislature, or by way of a municipal board of supervisors having the authority vested in it by the state legislature to make the grant. When legislative power is vested in a municipal board acts done in the exercise of that power are acts of legislation, and should be recognized as such by the courts. It has been decided by this court that the granting of a franchise is a legislative act. This has been decided in a long unbroken line of cases, beginning with *Chard v. Harrison*, 7 Cal. 113, and ending with *Quinchard v. Board of Trustees*, 113 Cal. 664. If the granting of this franchise be a purely legislative act, then there was no exercise of judicial functions upon the part of the board in making the grant, and clearly no excess of jurisdiction. The Quinchard case, *supra*, carefully treats of this question at great length, and the principles there declared are controlling here. Those principles all point to a denial of the relief here sought, for the reason that the writ of *certiorari* does not open a way by which to reach the wrongs sought to be righted in this proceeding. As an interesting case bearing directly upon the question before

us, *People v. Oakland Board of Education*, 54 Cal. 375, is cited.

It may be said that the action of the board of supervisors in granting a franchise under this act of the legislature is at least *quasi* judicial, and for that reason courts will reach out and take hold of the proceedings by this writ. Upon such theory courts have sometimes accommodatingly reached out and annulled the proceedings of inferior boards and tribunals. This has even been done by the courts of this state in cases where franchises of various character have been granted, but there is no justification for it under the law, and remedies for such wrongs should be found by traveling other roads. Legislative action in no sense is the exercise of judicial functions. The mere fact that in certain proceedings pending before boards of supervisors notice must be given of a hearing, evidence of witnesses taken, and a decision made by the board involving a determination of facts based upon the exercise of judgment, does not constitute such proceeding even *quasi* judicial. These things constitute the mere form of judicial action. The essential elements of judicial action are lacking, namely, the ascertainment of existing rights. *Murray v. Board of Supervisors*, 23 Cal. 492, probably looks the other way from the views we entertain upon this question, and there may be other early cases in company with it, but the tendency of the latter decisions of this court is all the other way. *Certiorari* is not the proper remedy.

For the foregoing reasons the proceeding is dismissed.

Harrison, J., Henshaw, J., Temple, J., McFarland, J., and Van Fleet, J., concurred.