[L. A. No. 5340.  Department One.—February 17, 1920.]

## JOHN K. SUCKOW, Appellant, v. HARRY E. ALDERSON et al., Respondents.

[1] CONSTITUTIONAL LAW—TRIBUNALS EMPOWERED TO REVOKE LICENSES. Tribunals, such as the board of medical examiners, or other boards empowered to revoke licenses which they have previously granted, for cause defined by law, are not courts in the strict sense, since they are not exercising "the judicial power of the state" as that phrase is used in the constitution conferring judicial power upon courts, and statutes creating such boards and conferring upon them such powers are constitutional.

[2] CERTIORARI—REVISION OF DECISIONS OF BOARD—EXERCISING QUASI-JUDICIAL POWER.—Where a board has exercised *quasi*-judicial power, its decisions are subject to revision by way of *certiorari*.

[3] STATE MEDICAL LAW—REVOCATION OF LICENSE FOR UNPROFESSIONAL CONDUCT—POWERS OF BOARD—CONSTITUTIONALITY OF PROVISION.— The provision of the act for the regulation of the practice of medicine (Stats. 1913, p. 722), empowering the board of medical examiners to suspend or revoke a license to practice medicine upon finding the practitioner guilty of unprofessional conduct, is not unconstitutional as an attempt by the legislature to vest part of

the judicial power of the state in a tribunal other than one authorized by section 1 of article VI of the constitution.

[4] ID.—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint filed before the state board of medical examiners charging a physician, in the language of the Medical Act, with committing a criminal abortion, is sufficient to give the board jurisdiction, without stating the acts defined in the Penal Code as constituting such crime.

[5] ID.—EVIDENCE — SUSPENSION OF LICENSE — TESTIMONY OF ACCOMPLICES.—In a proceeding before the state board of medical examiners for the revocation of the license of a physician for unprofessional conduct, the evidence is not insufficient to justify a revocation, where based wholly upon the testimony of persons who would in a criminal prosecution have been classed as accomplices.

[6] ID.—PROCEEDINGS BEFORE MEDICAL EXAMINERS—RULES OF PLEADING AND EVIDENCE IN CRIMINAL CASES INAPPLICABLE.—The rules of pleading in criminal cases and the rules limiting the effect of evidence therein as fixed in the Penal Code do not apply to proceedings before the board of medical examiners.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Davis & Rush for Appellant.

John W. Hart for Respondents.

SHAW, J.—In a proceeding against the plaintiff of the character authorized by section 14 of the act for the regulation of the practice of medicine, as amended in 1915 (Stats. 1913, p. 722; Stats. 1915, p. 196), the defendant, board of medical examiners, suspended the license of the plaintiff to practice medicine for the period of one year. Plaintiff had theretofore been duly licensed to practice medicine in California. Thereupon the plaintiff began a proceeding in the superior court to review the action of the board in suspending his license, claiming that the same was in excess of its jurisdiction. The court below sustained a demurrer to the complaint, without leave to amend, and gave judgment for the defendant. From this judgment plaintiff appeals.

The complaint sets out in full the proceedings taken and the evidence heard by the board on which its order was based. The plaintiff presents three points in support of his claim that the board had no jurisdiction or power to suspend

his right to practice medicine.   They are as follows: 1. That the provision of the statute empowering the board of medical examiners to suspend or revoke a license to practice medicine, upon finding the practitioner guilty of "unprofessional conduct" is unconstitutional.   2. That the complaint against the plaintiff, filed with the board, does not sufficiently state any cause for the revocation or suspension of his license. 3. That no sufficient evidence was produced on the hearing before the board to prove their charges or support or justify its action in suspending the license.

The argument of the petitioner on the point that the statute is unconstitutional is that by section 1, article VI, of the constitution, all of the judicial power of the state is vested in the courts there named and in "such inferior courts as the legislature may establish in any incorporated city or town, township, county, or city and county," and that as this tribunal is not one of the courts particularly named in the section and is not an inferior court of any city, town, township, county, or city and county, it is an attempt by the legislature to vest part of the judicial power of the state in a tribunal other than any that is authorized by the section.   It must be conceded that the power given to the board to revoke or suspend the license of a person duly admitted to practice medicine, upon finding him guilty of charges of unprofessional conduct, as defined in said section 14, is judicial in its nature.   "The right to practice medicine is, like the right to practice any profession, a valuable property right, in which, under the constitution and laws of the state, one is entitled to be protected and secured."   (*Hewitt* v. *Board of Medical Examiners*, 148 Cal. 592, [113 Am. St. Rep. 315, 3 L. R. A. (N. S.) 896, 84 Pac. 39].)   The fourteenth amendment to the constitution of the United States provides that no person shall be deprived of life, liberty, or property, without due process of law.   Article I, section 1, of the constitution of California, provides that all men have certain inalienable rights, among them being those of enjoying liberty and possessing and protecting property, and section 13 thereof provides that no person shall be deprived of life, liberty, or property without due process of law.   The deprivation of such right without due process of law would be a violation of these provisions.   The meaning of this is that no one can be deprived thereof without notice and an op-

portunity for a hearing before some tribunal authorized to determine the question. That a board or tribunal so authorized exercises at least *quasi*-judicial power in so doing is well established by our decisions. The judicial function is to decide on the property or rights of the citizen (*Robinson* v. *Board of Supervisors,* 16 Cal. 210; *Imperial W. Co.* v. *Board of Supervisors,* 162 Cal. 18, [120 Pac. 780]; 11 Cor. Jur. 122); to declare the law and define the rights of the parties under it (*Frasher* v. *Rader,* 124 Cal. 134, [56 Pac. 797]); to determine what shall be adjudged or decreed between the parties (*Rhode Island* v. *Massachusetts,* 37 U. S. 718, [9 L. Ed. 1233, see, also, Rose's U. S. Notes]); to decide with whom is the right of the case (*People* v. *Board of Supervisors,* 122 Cal. 421, [55 Pac. 131]); to ascertain existing rights or establish a title or to determine the rights of the controversy between the parties (*Title etc. Co.* v. *Kerrigan,* 150 Cal. 320, [119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682, 88 Pac. 356]). The determination that plaintiff was guilty and that his right to practice should be suspended comes clearly within the scope of these definitions. [1] Nevertheless it is now well established in this state that tribunals such as the board of medical examiners or other boards empowered to revoke licenses which they have previously granted, for cause defined by the law, are not courts in the strict sense; they are not exercising "the judicial power of the state" as that phrase is used in the constitution conferring judicial power upon courts, and that statutes creating such boards and conferring upon them such powers are constitutional. (*Ex parte Whitley,* 144 Cal. 167, [1 Ann. Cas. 13, 77 Pac. 879]; *Los Angeles* v. *Spencer,* 126 Cal. 670, [77 Am. St. Rep. 217, 59 Pac. 202]; *Hewitt* v. *Board of Medical Examiners, supra.*) [2] It is also settled that where a board has exercised *quasi*-judicial power of the nature of that here in question, its decisions are subject to revision by way of *certiorari.* (*Imperial Water Co.* v. *Board of Supervisors, supra,* and cases there cited.)

The statute under which the proceeding was had specifies, among other things which constitute unprofessional conduct, the following: "The procuring or aiding or abetting or attempting or agreeing or offering to procure a criminal abortion." The complaint before the board charges that the plaintiff did in the county of Los Angeles, state of Califor-

nia, "procure, aid and abet, and attempt, agree and offer to procure, a criminal abortion upon a pregnant woman," naming a certain person. The plaintiff contends that the board could not have jurisdiction unless the charge was as specific and complete as would be necessary to an indictment under the provisions of the Penal Code defining the crime of abortion. In support of its point that there is no legal evidence in support of the decision of the board its claim is that the charges were sustained wholly by the testimony of persons who would in a criminal prosecution have been classed as accomplices in the act charged, and that under the Penal Code no conviction can be had upon the testimony of accomplices alone.

We do not deem it necessary to discuss these points at length. [3, 4, 5] Each of them was raised in the case of *Lanterman* v. *Anderson*, 36 Cal. App. 472, [172 Pac. 625], and was decided adversely to the contention of the appellant here by the district court of appeal of the second district. A petition to this court for a rehearing of the cause was filed presenting precisely the same points as are presented here and it was denied. We are satisfied with the principles stated in that case and it must be considered as authority on the subject. [6] The rules of pleading in criminal cases and the rules limiting the effect of evidence therein as fixed in the Penal Code do not apply to proceedings before the board of medical examiners. No other points are presented in support of the appeal.

The judgment is affirmed.

Lawlor, J., and Olney, J., concurred.