[S. F. No. 9782. In Bank.—September 19, 1921.]

## T. L. BRECHEEN, Petitioner, v. RAY L. RILEY, Real Estate Commissioner, etc., et al., Respondents.

[1] WRIT OF REVIEW—WHEN LIES.—To grant a writ of review it must appear that an inferior tribunal, board, or officer, exercising judicial functions, has exceeded its or his jurisdiction, that there is no appeal from the judgment sought to be reviewed, nor, in the judgment of the court to which the application for the writ is made, any plain, speedy, and adequate remedy; and the review upon such writ cannot be extended further than to determine whether the inferior tribunal, board, or officer had regularly pursued his or its authority.

[2] PERSONAL RIGHTS — PURSUIT OF BUSINESS.—It is the right of every person to pursue any lawful business or vocation he may select, subject to such legal restrictions and regulations as the proper governmental authority may impose for the protection and safety of society, and such right is available and must be protected and secured, and cannot be taken from those who possess it, without "due process of law."

[3] REAL ESTATE ACT—VALIDITY OF.—The act known as the "Real Estate Act" (Stats. 1919, p. 1252) violates none of the fundamental principles of law, but is in harmony with them, in that it is a measure looking to the protection of the public, and provides a method of procedure in all respects ample to the protection of the rights of the licensee, and must be followed in order that the license can be legally revoked by the commissioner.

[4] ID.—ACTION OF REAL ESTATE COMMISSIONER — QUASI-JUDICIAL CAPACITY.—The commissioner under the "Real Estate Act" acts in a *quasi*-judicial capacity when passing upon applications for a license, and when hearing petitions to revoke, and revoking, a license issued under the act, for he is deciding property rights and determining what shall be decreed in the matters before him, all of which is the exercise of a "judicial function"; but such commissions are not courts in the strict sense nor exercising judicial power as meant by the constitution conferring power upon courts, and statutes creating such commissions are constitutional.

[5] ID.—CHARGE OF DISHONEST DEALING — JURISDICTION.—A charge against a person laid before the real estate commissioner of acts "involving embezzlement, false representations, and gross moral

---

1. Nature and scope of bill of review, note, 20 **Am. Dec.** 160.

Who is entitled to file bill of review, note, **Ann. Cas.** 1914C, 126.

turpitude" constitute "dishonest dealing," within the meaning of the phrase used in the Real Estate Act, and presents an issue which the commissioner is clearly authorized to hear and has jurisdiction to determine.

[6] ID.—CONSTITUTIONALITY OF ACT.—The "Real Estate Act" (Stats. 1919, p. 1252) is constitutional.

APPLICATION for Writ of Review. Writ denied.

The facts are stated in the opinion of the court.

A. A. Montagne for Petitioner.

U. S. Webb, Attorney-General, Robert W. Harrison, Chief Deputy Attorney-General, and R. L. Chamberlain for Respondent.

SHURTLEFF, J.—This is an application for the issuance of a writ of review. The petition alleges that at all the times in it mentioned petitioner was a licensed real estate broker, doing business in the county of Alameda, this state; that he was duly served with a complaint filed in a proceeding before the real estate commissioner of the state of California asking the revocation of his license theretofore issued to him as such broker pursuant to the provisions of an act commonly known as the "Real Estate Act" (Stats. 1919, p. 1252); that petitioner answered such complaint denying in effect the allegations thereof; that a hearing was had before the commissioner, at which the petitioner was represented by his attorneys; that, preliminary to such hearing, petitioner objected to proceeding with the same on the ground "that the main question involved . . . was the determination of a judicial fact as to whether or not . . . petitioner was guilty of the commission of acts involving embezzlement, false representations and gross moral turpitude," which the commissioner had no right to determine because not legally vested with judicial powers, which objection the commissioner overruled, and proceeded with the hearing; that thereafter petitioner was served with a copy of the findings and conclusions of the commissioner, pursuant to which he revoked petitioner's "license and right to act as agent, broker and representative in the sale or exchange of real property, thus depriving him of a means of livelihood"; that thereafter petitioner, as the act gives him

the right to do, appealed from the determination of the commissioner to the superior court of the county of Alameda; that petitioner was not accorded a hearing by said last-mentioned court, but said court "merely reviewed the transcript of the evidence before the Commissioner and sustained the latter's findings." The petition also contains specific allegations touching the illegal deprivation of property and property rights of petitioner, and concludes with the following: "That the Commissioner is not a judicial officer nor clothed with judicial powers; that he has no power as a branch of our Judiciary under the Constitution of the State of California or of the United States. That he has no power to deprive Your Petitioner of a property right or to impose any penalty or forfeiture upon Your Petitioner without due process of law . . . That Your Petitioner has no speedy and adequate remedy at law."

To this petition respondents demur, alleging that it "does not state facts sufficient to constitute a cause of action or to entitle said petitioner to the relief prayed for in said petition," and it is the disposition of this demurrer that is before the court.

It is conceded there is no appeal from said order of the superior court.

The act provides that "it shall be unlawful for any person . . . to engage in the business, or act in the capacity of a real estate broker, or a real estate salesman within this state without first obtaining a license therefor"; for the creation of a "state real estate department," the chief officer of which department shall be the "real estate commissioner"; that applications for a license as real estate broker shall be made in writing to the commissioner, who may grant the same; that he "may, upon his own motion, and shall upon the verified complaint in writing of any person, investigate the actions of any person . . . engaged in the business or acting in the capacity of a real estate broker, or a real estate salesman, within this state," and shall have the power to temporarily suspend or permanently revoke licenses issued under its provisions, at any time and in cases where the holder thereof, in performing, or attempting to perform, any of the things mentioned in section 2 of the act, of which acting as a real estate broker is one, is guilty of any act "which constitutes dishonest dealing"; that, before suspending or revoking the license, the commissioner "shall notify,

in writing, the holder of such license of the charges against him and afford an opportunity to be heard . . . in reference thereto''; that the decision of the commissioner shall be subject to review in accordance with specified provisions of the Code of Civil Procedure. The act further provides for an appeal from the decision of the commissioner to the superior court of the county in which the person affected by the decision resides, or has his place of business, and indicates the procedure to be followed in perfecting such appeal, and that upon the hearing thereof the court shall receive and consider any pertinent evidence, oral or documentary, concerning the action of the commissioner, but is ''limited to a consideration and determination of the question whether there has been an abuse of discretion on the part of the commissioner in making such decision.'' (Stats. 1919, p. 1252.)

[1] The code declares that to grant a writ of review, it must appear that an inferior tribunal, board, or officer, exercising judicial functions, has exceeded its or his jurisdiction; that there is no appeal from the judgment sought to be reviewed, nor, in the judgment of the court to which the application for the writ is made, any plain, speedy, and adequate remedy (Code Civ. Proc., sec. 1068), and that the review upon such writ cannot be extended further than to determine whether the inferior tribunal, board or officer had regularly pursued its or his authority. (Code Civ. Proc., sec. 1074.)

Petitioner confines his attack upon the act to the single point that the portion thereof conferring upon the commissioner authority to hear and determine proceedings to revoke a license issued pursuant to its terms is in violation of our state constitution, which declares that ''the judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts of appeal, superior courts and such inferior courts as the legislature may establish in any incorporated city or town, township, county, or city and county.'' (Art. VI, sec. 1.)

[2] It is firmly established that it is the right of every person to pursue any lawful business or vocation he may select, subject to such legal restrictions and regulations as the proper governmental authority may impose for the protection and safety of society, and that such right is valuable and must be protected and secured, and cannot be taken from

those who possess it, without "due process of law." (*Hewitt* v. *Board of Medical Examiners*, 148 Cal. 592, [113 Am. St. Rep. 315, 7 Ann. Cas. 750, 3 L. R. A. (N. S.) 896, 84 Pac. 40]; *Suckow* v. *Alderson*, 182 Cal. 247, [187 Pac. 965].)

[3] The act in question violates none of these fundamental principles, but is in harmony with them, in that it is a measure looking to the protection of the public, and provides a method of procedure in all respects ample to protect the rights of the licensee, which was followed in the instant case, and must be followed in order that the license can be legally revoked by the commissioner.

[4] It is apparent that the commissioner is acting in a *quasi*-judicial capacity when passing upon applications for a license, and when hearing petitions to revoke, and revoking, a license issued under the act, for he is deciding property rights and determining what shall be decreed in the matters before him, all of which is the exercise of a "judicial function," but, as said by this court in *Suckow* v. *Alderson*, 182 Cal. 247, 250, [187 Pac. 965, 966]: "It is now well established in this state that tribunals such as the board of medical examiners or other boards empowered to revoke licenses which they have previously granted, for cause defined by the law, are not courts in the strict sense; they are not exercising 'the judicial power of the state' as that phrase is used in the constitution conferring judicial power upon courts, and that statutes creating such boards and conferring upon them such powers are constitutional." To the same effect is the following, taken from *Ex parte Whitley*, 144 Cal. 167, 179, [1 Ann. Cas. 13, 77 Pac. 879, 884]: "It is not at all uncommon for inferior boards or officers to be invested with power which calls for the determination of facts and the exercise of discretion in the discharge of the duties of their office. This power, it is true, is in a sense judicial, but it cannot be said that it is an exercise of 'judicial power' as that term is used in the constitution in conferring judicial power upon courts. The question is, however, not an open one in this state, and seems to have been settled adversely to petitioner's contention in *County of Los Angeles* v. *Spencer*, 126 Cal. 670, [77 Am. St. Rep. 217, 59 Pac. 202]."

[5] As we have stated, the petition herein recites that the "main" question involved in the proceeding before the commissioner "was the determination . . . as to whether or

not . . . petitioner was guilty of the commission of acts involving embezzlement, false representations and gross moral turpitude,'' which charges, if true, and in the absence from the record filed here of a copy of the findings of the commissioner we must assume they were found to be true, certainly constituted "dishonest dealing" within the meaning of the phrase used in 'the act, and presented an issue which the commissioner was clearly authorized to hear, and hence had jurisdiction to determine.

[6] For the foregoing reasons we conclude that the act in question is constitutional; that the commissioner did not exceed his jurisdiction, and in all respects "regularly pursued his authority," and, having so determined, it is not necessary to consider the contention of respondents that petitioner has a plain, speedy and adequate remedy.

The demurrer is sustained, and the application for the issuance of a writ of review denied.

Wilbur, J., Angellotti, C. J., Shaw, J., Lawlor, J., Lennon, J., and Sloane, J., concurred.