[S. F. No. 10229. In Bank.—September 19, 1922.]

## A. SCHOMIG, Petitioner, v. EDWIN T. KEISER, as Real Estate Commissioner, etc., et al., Respondent.

[1] REAL ESTATE BROKER'S ACT — REVOCATION OF LICENSE — WHEN AUTHORIZED.—Under the act establishing a real estate commissioner and authorizing him to revoke licenses for certain causes (Stats. 1919, p. 1256), such official is not authorized to revoke any license of either a broker or salesman unless he is acting for compensation, and, also, unless he does the acts complained of at a time when he is negotiating for the sale or purchase of real estate, or is selling or buying the same or negotiating a loan thereon or offers to lease, or rent, or places for rent, or is .collecting rents, from real estate, as a whole or partial vocation.

[2] ID.—EXECUTED CONTRACT—EMPLOYMENT FOR COLLECTION OF PAYMENTS—STATUS OF EMPLOYEE.—Any employment by any person of another to collect payment on an agreement which has already been negotiated, and is in all respects perfected and the terms agreed upon, does not make the party a real estate broker or real estate salesman, and any misconduct in performing such acts would not warrant the real estate commissioner in revoking the license of such person.

[3] ID.—REVOCATION OF LICENSES—CONSTRUCTION OF PROVISION.—The portion of the real estate broker's act which authorizes the commissioner to forfeit the license of a broker or salesman and take it away from him is highly penal in its nature, and should not be construed to include anything which is not embraced within its terms.

PROCEEDING in Certiorari to review an order of the Real Estate Commissioner revoking a license after denial of writ by District Court of Appeal. Order annulled.

The facts are stated in the opinion of the court.

Carl F. Wood for Petitioner.

U. S. Webb, Attorney-General, for Respondent Keiser.

SHAW, C. J.—The plaintiff filed a petition for a writ of *certiorari* directed to the real estate commissioner, and to the judge of the superior court of Alameda County, in the district court of appeal of the first district, second division. The court, without filing any opinion, denied the writ. On petition for rehearing this court granted a rehearing and the writ was issued accordingly.

The petition shows that Edward Rautenberg filed a verified complaint with the real estate commissioner against A. Schomig, showing that he was Rautenberg's agent in the collection of payments on a contract for the sale of real estate in Oakland; that the contract was made by Rautenberg with certain colored people for the purchase of the land, and subsequently they sold the lots to Miss Wall, who was making the payments to Rautenberg by means of the agency of Schomig through the Oakland Bank of Savings, at the rate of $15 per month; that the bank was to transmit said money through Schomig to said Rautenberg, that he had received from Schomig all that had been received by him from Miss Wall excepting the sum of $114, which had been paid by Miss Wall in excess of the amount due; that Rautenberg then complained to the said bank and the bank then forced Schomig to account to him and confess that he had received the sum of $114.

The complaint was filed against Schomig to obtain an order of the real estate commissioner revoking his license as a real estate broker or a real estate salesman under section 12 of the act establishing a real estate commissioner and authorizing him to revoke licenses for certain causes. (Stats. 1919, p. 1256.) Section 12 of the act authorizes him to revoke the license of a real estate salesman or broker "at any time where the holder thereof is performing, or attempting to perform, any of the acts mentioned in section two hereof is guilty of— . . . 5. Any other conduct, whether of the same or a different character than herein-

above specified, which constitutes dishonest dealing.'' Section 2 of the act defines a real estate broker as any person ''who, for a compensation, sells, or offers for sale, buys, or offers to buy, negotiates the purchase or sale or exchange of real estate, or who, for compensation, negotiates loans on real estate, leases, or offers to lease, rents or places for rent, or collects rent from real estate or improvements thereon for others as a whole or partial vocation.'' A real estate salesman is defined by the act as any ''one who for compensation is employed by a licensed broker'' to do any of the acts above stated which are to be done by the real estate broker.

[1] It will be seen that this does not authorize the commissioner to revoke any license of either a broker or salesman, under the act, unless he is acting for a compensation, and, also, unless he does the acts complained of at a time when he is negotiating for the sale or purchase of real estate, or is selling or buying the same or negotiating a loan thereon or offers to lease, or rent, or places for rent, or is collecting rents, from real estate, as a whole or partial vocation. [2] Any employment by any person of another to collect payment on an agreement which has already been negotiated, and is in all respects perfected and the terms agreed upon, does not make the party a real estate broker or real estate salesman, and any misconduct in performing such acts would not warrant the real estate commissioner in revoking the license of such person. [3] The portion of the act which authorizes the real estate commissioner to forfeit the license of a broker or salesman and take it away from him is highly penal in its nature, and should not be construed to include anything which is not embraced within its terms. There is no charge in the complaint, and no evidence to prove the charge if it were in the complaint, that Schomig was employed for a compensation to do the acts complained of, or that the acts themselves constituted a part of a contract for the sale of real estate. The evidence shows that they were to be performed by Schomig without compensation, and that in doing so he was not fulfilling a contract for the sale of real estate, but was merely collecting the proceeds of a contract already made. The commissioner was

without authority to act in the matter at all, and had no authority to revoke the license of Schomig.

The order of the real estate commissioner is annulled.

Myers, J., pro tem., Wilbur, J., Waste, J., Lawlor, J., and Richards, J., pro tem., concurred.