[Civ. No. 3067.   Third Appellate District.—February 24, 1926.]

JOHN ANGELOPULOS, Appellant, v. H. C. BOTTORFF, as City Manager, etc., et al., Respondents.

[1] CONSTITUTIONAL LAW — RIGHT TO ENGAGE IN BUSINESS — DUE PROCESS OF LAW.—The fundamental right to engage in a business or occupation otherwise lawful and not inimical to the public welfare is different from occupations considered as a mere privilege and is surrounded with certain constitutional safeguards, among which is the right to be heard and the further fact that this right cannot be taken away except by due process of law.

[2] ID.—RESTAURANT BUSINESS—DEPRIVATION OF PROPERTY RIGHT.— The right to conduct a restaurant business is a property right, as contradistinguished from occupations or businesses permitted to be conducted or engaged in as a mere privilege, and the deprivation or interference or prevention of one's engaging in the business of conducting a restaurant is a deprivation of a property right, and such property rights cannot be taken away except by due process of law.

[3] ID.—REVOCATION OF BUSINESS LICENSE—VOID ORDINANCE.—Where a municipal ordinance provides for the revocation of business

---

1.  See 5 *Cal. Jur.* 706; 6 R. C. L. 222.

licenses for violations of law, such violations must have relation to the business licensed, or the ordinance is void *in toto.*

[4] Id.—Cancellation Without Notice or Hearing—Void Order.— Where a license to conduct a restaurant business is revoked without notice or hearing, the purported order of cancellation is void.

(1) 12 **C. J.**, p. 1273, n. 26 New.  (2) 12 **C. J.**, p. 1277, n. 16 New. (3) 37 **C. J.**, p. 247, n. 3 New.  (4) 37 **C. J.**, p. 248, n. 18.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Reversed.

The facts are stated in the opinion of the court.

Ralph H. Lewis for Appellant.

R. L. Shinn and Chas. J. Hasman for Respondents.

PLUMMER, J.—Plaintiff, a restaurant-keeper of the city of Sacramento, began this action to restrain the defendants from interfering with his business as such restaurant-keeper, under and by virtue of a purported revocation of a license theretofore issued to him authorizing such business, upon payment of certain fees, etc.

The demurrer of the defendants to the plaintiff's complaint was sustained without leave to amend, and the plaintiff appeals. It appears from the complaint that the plaintiff is the owner of a certain leasehold interest in the property situate at 205 K Street, in the city of Sacramento; that the value of said lease is the sum of one thousand dollars; that at the time of interference complained of the plaintiff was conducting a restaurant business at the location named under a license authorizing him so to do. The record shows that on or about the first day of October, 1921, the city council of the city of Sacramento enacted an ordinance providing for the licensing and regulating the carrying on of certain trades, professions, occupations, etc.; that on or about the first day of December, 1921, the ordinance just referred to was amended by including restaurant-keepers. Thereafter, and on or about the eleventh day of May, 1922, the city council enacted Ordinance No. 73, Fourth Series, purporting to amend the ordinance first mentioned herein, known as Ordi-

4.  See 16 **Cal. Jur.** 261.

nance No. 18, Fourth Series. Ordinance No. 73, so enacted, contained a provision that licenses issued under Ordinance No. 18, Fourth Series, might thereafter be canceled by the city council at any time without notice to holders thereof, upon satisfactory evidence to the city council that the holder had violated any of the conditions of the license, or had violated any law of the United States or of the state of California or any ordinance of the city of Sacramento, and that thereafter the person whose license had been so canceled should not be entitled to receive any business license of any character from the city of Sacramento except upon a permit from the city council. On the seventeenth day of August, 1922, the city council of the city of Sacramento enacted Ordinance No. 87, Fourth Series, providing further that in the event of a cancellation for cause of any business license issued by the city of Sacramento, the license fee paid by the licensee for such license should be forfeited to the city of Sacramento. In the event of the cancellation for cause of any license issued by the city of Sacramento for any business at a particular location, no other license shall be issued to any person for the same kind of business at said location, nor for the conducting of any of the following businesses: (Here follows a list of businesses named, including that of restaurant-keeper) within one year after said cancellation, except upon a permit from the city council. The ordinance then provides that the license may be granted or refused at the discretion of the city council and may be revoked without notice to the holder thereof upon evidence satisfactory to the council that any of the statements set forth in the application are untrue or that the conditions specified in the application have been violated; also, that the applicant shall deposit with the city controller the sum of five hundred dollars in cash, as security that the licensee will not violate, nor permit to be violated, any law of the United States, or of the state of California or any ordinance of the city of Sacramento in the conducting of or in connection with said business, and, further, that if the city council shall at a hearing thereof determine any of said laws or ordinances have been violated, or permitted to be violated by the licensee, the council shall have the right to declare said deposit forfeited to the city of Sacramento.

The record shows further that upon the enactment of Ordinance No. 18, Fourth Series, the plaintiff applied to the city controller of the city of Sacramento for a license to conduct a restaurant business on the premises named; that a license was issued to him and ever since said date the plaintiff has paid the fees provided by said ordinance for the license pertaining to his business as a restaurant-keeper; that said license was in full force and effect at the dates herein mentioned; that on the third day of January, 1924, the city council of the city of Sacramento revoked plaintiff's license upon the ground that he had theretofore, to wit, on the thirtieth day of December, A. D. 1923, in the police court of the city of Sacramento been convicted on a charge of having in his possession three ounces of intoxicating liquor and for no other cause whatever; that on the fourth day of January, 1924, the defendants notified the plaintiff that his license had been revoked and that he would not longer be permitted to conduct his restaurant business at the place named, and that he could not thereafter engage in any business in the city of Sacramento without the consent of the city council, and threatened to arrest the plaintiff and prosecute him upon the charge of violating Ordinance No. 18, Fourth Series, for the attempt to continue in business. The complaint contains further allegations as to what the defendants threatened to do and concludes with the allegation of the damages suffered by such acts. It also further appears that the purported revocation of plaintiff's license was had without any notice being served upon him or opportunity of hearing being given, nor does it appear anywhere in the record that the possession of the three ounces of liquor referred to as the alleged cause of the revocation of plaintiff's license was had or possessed by the plaintiff in connection with his restaurant business.

While the same constitutional objections are urged by the appellant against the various provisions of the different ordinances set forth herein for the purposes of this decision, we need consider only one question—the fact that the plaintiff's license was ordered revoked by the city council without notice being given to the plaintiff and an opportunity afforded him to be heard and show cause, if any he had, why his license should not be revoked.

[1]   There appears to be some conflict in the authorities
relating to the power of the city council to revoke a license
without notice, apparently due to the fact that the distinction
has not been kept clearly in mind between a right to do busi-
ness and a privilege to engage in certain occupations, usually
attended by acts inimical to the public welfare, such as the
keeping of saloons.   But whatever the rule is in other states,
it is now well settled in California that the fundamental
right to engage in a business or occupation otherwise lawful
and not inimical to the public welfare is different from occu-
pations considered as a mere privilege and is surrounded
with certain constitutional safeguards, among which is the
right to be heard and the further fact that this right cannot
be taken away except by due process of law.   These matters
are clearly set forth in the case of *Abrams* v. *Daugherty,* 60
Cal. App. 297 [212 Pac. 942] : ''The fourteenth amendment
to the constitution of the United States provides that no
person shall be deprived of life, liberty, or property, without
due process of law.   Article I, section 1, of the constitution
of California, provides that all men have certain inalien-
able rights, among them being those of enjoying liberty and
possessing and protecting property, and section 13 thereof
provides that no person shall be deprived of life, liberty, or
property, without due process of law.   The deprivation of
such right without due process of law would be a violation
of these provisions.   The meaning of this is that no one can
be deprived thereof without notice and an opportunity for
a hearing before some tribunal authorized to determine the
question.   To the same effect is *Brecheen* v. *Riley,* 187 Cal.
121, 124 [200 Pac. 1042, 1044], where the court, having the
Real Estate Brokers' Act under consideration, says: 'It is
firmly established that it is the right of every person to
pursue any lawful business or vocation he may select, sub-
ject to such legal restrictions and regulations as the proper
governmental authority may impose for the protection and
safety of society, and that such right is valuable and must
be protected and secured, and cannot be taken from those
who possess it, without 'due process of law.'   In *Schomig* v.
*Keiser,* 189 Cal. 596 [209 Pac. 550, 551], while considering
the same act, the court say: 'The portion of the act which
authorizes the real estate commissioner to forfeit the license
of a broker or salesman and take it away from him is highly

76 Cal. App.—40

penal in its nature, and should not be construed to include anything which is not embraced within its terms.' In *Hovey* v. *Elliott*, 167 U. S. 409, 418 [42 L. Ed. 215, 17 Sup. Ct. Rep. 841, see, also, Rose's U. S. Notes], it is said: 'It is a rule as old as the law, and never more to be respected than now, that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been accorded an opportunity to be heard. Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is justly administered.'' In *Suckow* v. *Alderson*, 182 Cal. 247 [187 Pac. 965], in considering the right to be heard, the court holds that due process of law includes "the meaning that no one can be deprived of life, liberty or property without notice and an opportunity for hearing before some tribunal authorized to determine the question,''. and that these are matters guaranteed by the constitution of the state of California. In *Brecheen* v. *Riley,* 187 Cal. 122 [200 Pac. 1044], the court, in considering the questions which we have here presented, said: "It is firmly established that it is the right of every person to pursue any lawful business or vocation he may select, subject to such legal restrictions and regulations as the proper governmental authority may impose for the protection and safety of society, and that such right is valuable and must be protected and secured, and cannot be taken from those who possess it, without 'due process of law.' '' (Citing a number of authorities.)

[2]    We do not think it necessary to cite authorities that the right to conduct a restaurant business is a property right, as contradistinguished from occupations or businesses permitted to be conducted or engaged in as a mere privilege, and that the deprivation or interference or prevention of one's engaging in the business of conducting a restaurant is a deprivation of a property right, and that all the cases of this state holding that such property rights cannot be taken away except by due process of law are applicable. In *Modern Loan Co.* v. *Police Court,* 12 Cal. App. 582 [108 Pac. 56], the court, in considering certain sections of the Penal Code relating to the restoration of stolen property, said: "One who is in possession of property under a claim of right cannot be deprived of its possession without due

process of law; and in order to constitute due process of law, there must be notice of the time and place of hearing and an opportunity to be heard. . . . The statute should give the parties interested in the property an opportunity of presenting, in a deliberate, regular and orderly method, issues of fact and of law to the court or to a court and jury unless a jury is waived. Under these two sections, irrespective of the value of the property, and without any right of appeal, and without the slightest notice . . . the magistrate may proceed . . . to make an award. A proceeding permitting this contravenes the provisions of the state and federal constitution that a person cannot be deprived of his property without due process of law." It has been held that notice and opportunity to be heard is a right and not a mere matter of discretion. In *Brookes* v. *City of Oakland,* 160 Cal. 423 [117 Pac. 433], the same rule applied with regard to sewer assessments, holding notice and an opportunity to be heard necessary. Also, in *Bannerman* v. *Boyle,* 160 Cal. 197 [116 Pac. 732], it is held that where it is provided that an officer may be removed for cause without other qualifying words, such removal can only be had after notice and hearing. The same rule is also laid down in 16 Cal. Jur. 261. In the case of *State ex rel. Makris* v. *Superior Court of Pierce County,* 113 Wash. 297 [12 A. L. R. 1428, 193 Pac. 845], the questions which we are here considering were fully considered and the rule which we have stated followed. In the Makris case, *supra,* the ordinance involved contained the following: "The license of any business mentioned in this section may be revoked by the commissioner of public safety in his discretion for disorderly or immoral conduct or gambling on the premises, or whenever the preservation of public morality, health, peace or good order shall in his judgment render such revocation necessary," etc. No provision was made for hearing. The commissioner of public health, being of the opinion that a certain candy store having permission to sell soft drinks, without any previous notice or hearing, notified Makris, among other things, as follows: "You are hereby advised that said license is revoked, effective to-day, under the provisions of section 47 of Ordinance No. 6749 as amended by Ordinance No. 7301." The court, in holding the order of revocation void and the section of the ordinance providing therefor void, used the

following language: "Our decision in *Seattle* v. *Gibson,* 96
Wash, 425 [165 Pac. 109], and those of the federal and state
courts upon which that decision is rested render it plain that
it is sufficient to render a law or ordinance void in the light of
these constitutional guaranties, if the prescribed manner of
administering such law or ordinance results in leaving the
question of the propriety of issuing, withholding, or revoking
a license to conduct an ordinarily lawful business, and thus
the question of who may and who may not engage in such
business, to the decision of any officer or set of officers, un-
controlled by any prescribed rule of action," and further said
that no law can be passed "granting to any citizen, or class
of citizens, privileges or immunities which, upon the same
terms, shall not equally belong to all citizens," which corre-
sponds to section 21 of article I of our state constitution.

Nothing said herein is intended to limit or restrict the
powers of the city council to enact all such regulations gen-
erally classified as police regulations to protect the public
health and morals in relation to the conduct of the business
licensed. [3] The ordinances under consideration go much
further and include violations of law having no relation
to the businesses being conducted. Under the terms of the
ordinances, the violation of the state traffic laws might be
made the basis for the revocation of a license, which leads
to only one of two conclusions, that the violations of law or or-
dinance referred to must have relation to the business licensed,
or that the ordinance is void *in toto.* [4] The violation
of law alleged in this case does not appear to have been in
connection with the business licensed, but, whether such be
or be not the case, the fact that the revocation was had with-
out notice or hearing renders the purported order of can-
cellation void, and as that is the only question necessary
to be decided in this case, we limit our ruling to the failure
to give notice and afford an opportunity for a hearing.

Upon the matters set forth in plaintiff's complaint, it
would appear that the plaintiff is entitled to the relief asked,
but as the cause is before us upon a judgment entered after
an order of the trial court sustaining the defendants' de-
murrer to the plaintiff's complaint, we are limited to revers-
ing the judgment, with directions to the trial court to over-
rule defendants' demurrer and permit the defendants to

answer the plaintiff's complaint within such reasonable time as such court may allow, and it is so ordered.

Pullen, J., *pro tem.*, and Finch, P. J., concurred.