[Civ. No. 11378. Second Appellate District, Division One.—July 15, 1937.]

MELVIN LORBER, Appellant, v. SAMUEL STORROW, Respondent.

[Civ. No. 11279. Second Appellate District, Division One.—July 15, 1937.]

GEORGE J. HELTZER, Appellant, v. SAMUEL STORROW, Respondent.

Victor Ford Collins for Appellants.

Newlin & Ashburn and Paul Sandmeyer for Respondent.

YORK, J.—These two appeals, which by stipulation and order have been consolidated for decision, are prosecuted from judgments entered after demurrers to complaints charging malicious prosecution were sustained without leave to amend, no application having been made in either case for leave to amend. The act complained of in each case was the filing with the state real estate commissioner by respondent of a verified complaint accusing appellants of misconduct which resulted in hearings before the said commissioner.

The question presented is whether or not a proceeding had before the state real estate commissioner, such as is here shown, is a judicial proceeding upon which an action in malicious prosecution can be predicated.

"The action for malicious prosecution is very ancient. . . . Such action may be defined as one brought for the recovery of damages caused by 'a judicial proceeding instituted by one person against another from wrongful or improper motives, and without probable cause to sustain it'. . . . The wrong to be righted must be based on *a judicial proceeding.*" (*Hayashida* v. *Kakimoto*, 132 Cal. App. 743, 745 [23 Pac. (2d) 311].)

It is now established law in this state, under the rule laid down in *Standard Oil Co.* v *State Board of Equalization*, 6 Cal. (2d) 557 [59 Pac. (2d) 119], that a writ of *certiorari* will lie only to review the exercise of judicial functions and that the legislature is without power, in the absence of constitutional provision authorizing the same, to confer judicial functions upon a state-wide administrative agency. In its decision in that case the Supreme Court points out that the matter is primarily regulated by the provisions of section 1, article VI, of the Constitution relating to judicial powers. The cited case has been followed in the cases of *Whitten* v. *California State Board of Optometry*, 8 Cal. (2d) 444 [65 Pac. (2d) 1296]; *Hawley* v. *Clark*, 17 Cal. App. (2d) 546 [62 Pac. (2d) 613]; *Dysart* v. *Daugherty*, 17 Cal. App. (2d) 526 [62 Pac. (2d) 612]; *Schwab-Wilson M. Corp.* v. *Daugherty*, 15 Cal. App. (2d) 701 [59 Pac. (2d) 1057].

Appellants urge that the state real estate commissioner in his jurisdiction over the revocation of licenses is exercising *quasi*-judicial powers, and in support of this cite the cases of *Brecheen* v. *Riley*, 187 Cal. 121 [200 Pac. 1042], and *Suckow* v. *Alderson*, 182 Cal. 247 [187 Pac. 965]. This con-

tention is answered by the opinion in *Whitten* v. *California State Board of Optometry, supra,* a proceeding in which a writ was discharged prohibiting the board from revoking a license, where it is said at page 275 "We are unable to find any substantial difference between the functions exercised. While it is true that in the authorities mentioned (the Suckow case, among others), it is held that the writ of *certiorari* would lie to review the wrongful revocation of a license of a physician and surgeon on the theory that the medical board was exercising a *quasi* judicial function, we think the sounder conclusion, in view of changing and increasing governmental activities, is that such boards are actually engaged in enforcing administrative determinations."

Since no judicial power has been conferred by the legislature upon the real estate commissioner, it follows that the proceedings had before him lack a necessary element upon which to base these actions for malicious prosecution, and that, therefore, the demurrers were properly sustained.

█ Respondent in his reply brief makes the point that no error or abuse of discretion is shown by the trial court's action in sustaining the demurrers without leave to amend because of the failure of appellants to make application for leave further to amend. This stand is supported by the cases of *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698, 706 [16 Pac. (2d) 268], and *Haddad* v. *McDowell,* 213 Cal. 690, 692 [3 Pac. (2d) 550], where it is stated: "The fact that a demurrer is sustained without leave to amend does not constitute reversible error in the absence of a request or application by the plaintiff for permission to amend."

The judgments appealed from are affirmed.

Doran, J., concurred.

Houser, P. J., concurred in the judgment.