[Civ. No. 5025. Second Appellate District, Division One.—June 1, 1925.]

M. A. LEACH, Petitioner, v. EDWIN M. DAUGHERTY, as Commissioner of Corporations, etc., Respondent.

[1] CORPORATE SECURITIES ACT—REFUSAL TO GRANT BROKER'S LICENSE — AUTHORITY OF CORPORATION COMMISSIONER — CONSTITUTIONAL LAW.—The provisions of section 6 of the Corporate Securities Act (Stats. 1917, p. 673; as amended by Stats. 1919, p. 231, Stats. 1921, pp. 1009, 1114, and Stats. 1923, p. 87), which authorize the Corporation Commissioner to refuse to grant a broker's certificate on the ground that the Corporation Commissioner may not be satisfied of the good business reputation of the applicant, are not unconstitutional on the ground of alleged unauthorized delegation of legislative authority.

[2] ID.—DELEGATED AUTHORITY TO ASCERTAIN FACTS—REGULATED VOCATIONS.—In this state a commission or board may be empowered by legislative act to ascertain the existence of facts, upon the finding of which may depend the right to continue in the practice of a profession or a regulated business; and this principle applies where the inquiry is to be made by such commission or board preliminarily to the issuance of a license to transact a regulated vocation in the first instance.

[3] ID.—APPLICATION FOR BROKER'S LICENSE—CITATION OF APPLICANT —ABSENCE OF CHARGE OR COMPLAINT.—The fact that the "citation" served upon petitioner, following the filing by him with the Corporation Commissioner for a renewal of his state license to stay in business as a broker of corporate securities, contained no direct charge or complaint against petitioner, but merely required him to attend before the Commissioner of Corporations in the matter of an investigation and examination of his affairs for the purpose of ascertaining whether or not a broker's certificate should be issued to him, did not deprive the Corporation Commissioner of jurisdiction to hear and determine the question of petitioner's "good reputation."

[4] ID.—FINDINGS OF FACT — EVIDENCE — CERTIORARI.—The exercise of the power given to the Corporation Commissioner under the Corporate Securities Act to investigate an applicant for a broker's license is judicial, or at least *quasi* judicial, and his finding of fact based upon evidence is conclusive upon a court of review.

---

(1) 37 C. J., p. 272, n. 61.    (2) 12 C. J., p. 846, n. 76; 37 C. J., p. 241, n. 81, p. 271, n. 55, p. 272, n. 64.    (3) 37 C. J., p. 242, n. 95 New.    (4) 37 C. J., p. 242, n. 93, 2.

2.   See 5 Cal. Jur. 681; 6 R. C. L. 179.
4.   See 5 Cal. Jur. 683; 6 R. C. L. 180.

PROCEEDING in Certiorari to review an order of the Corporation Commissioner denying an application for a broker's license. Order affirmed.

The facts are stated in the opinion of the court.

Bailie, Turner & Lake and Henry P. Goodwin for Petitioner.

U. S'. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

HOUSER, J.—*Certiorari.* During the years 1922 to 1924, inclusive, petitioner was duly licensed in this state in the business of "acting as a broker for corporate securities." On December 6, 1924, he filed with the Corporation Commissioner his application for a renewal of his state license to continue in such business. Thereupon the Corporation Commissioner caused to be served on petitioner a "citation" requiring him to attend before the Corporation Commissioner at a specified time and place "in the matter of an investigation and examination of" petitioner's "affairs," for the purpose of ascertaning whether or not a broker's certificate should be issued to him. Pursuant thereto and in accordance with the requirements of the "citation," an "investigation and examination" was had, with the result that on "findings of fact" to the effect that petitioner was of "bad business repute," and on "conclusions of law" therefrom "that the application of M. A. Leach for a broker's certificate should be denied," it was ordered by said Corporation Commissioner that petitioner's said application be denied, and the issuance of the certificate applied for was accordingly refused.

The proceedings upon which such order was based are alleged by petitioner to have been in excess of the jurisdiction of respondent as such Corporation Commissioner, and by a writ of review an adjudication is sought from this court that the order issued by such Corporation Commissioner denying petitioner's application for a broker's certificate, is illegal and void.

[1] Section 6 of the Corporate Securities Act (Stats. 1917, p. 673; as amended by Stats. 1919, p. 231, Stats. 1921,

pp. 1009, 1114, and Stats. 1923, p. 87) provides that "the commissioner shall examine such application, and shall make such further investigation of the applicant . . . as he shall deem advisable. If, from such examination, the commissioner shall be satisfied of the good business reputation of the applicant . . . he shall issue such certificate. Otherwise, he shall refuse the same and deny the application and notify the applicant of his decision. . . . "

The principal point made by petitioner, as to which there is any controversy by the parties hereto, in substance, is that the provisions of said section 6 of the Corporate Securities Act which authorized the Corporation Commissioner to refuse to grant a broker's certificate on the ground that the Corporation Commissioner may not be satisfied of the good business reputation of the applicant are unconstitutional "in that no rules, regulations or specifications are set forth in the said Corporate Securities Act defining what shall constitute good business reputation"; and that such power, attempted to be conferred upon the Corporation Commissioner, is an unauthorized delegation of legislative authority.

Considering such objection, it would appear that the leading case of *Hall* v. *Geiger-Jones Co.*, 242 U. S. 539 [Ann. Cas. 1917C, 643, L. R. A. 1917F, 514, 61 L. Ed. 480, 37 Sup. Ct. Rep. 217, see, also, Rose's U. S. Notes], is so conclusively against petitioner's contention that little room is left for argument. That case, like the one at bar, involved the issuance of a broker's license to operate and to transact business in corporate securities under a statute in the state of Ohio which was similar to the statute here in question. One of the provisions of the Ohio statute was to the effect that if the commissioner having charge of the issuing of licenses was satisfied that the applicant for the license was of "good repute," upon the payment to the commissioner of certain fees, the applicant would thereupon become entitled to be registered as a licensed dealer in securities. Mr. Justice McKenna delivered the opinion of the court, which, in part, was as follows:

"We turn back, therefore, to consider the more specific objections to the law. The basis of them is, as we have seen, the power conferred upon the commissioner, which is asserted to be arbitrary. The objection is somewhat difficult to handle. It centers in the provision that requires the

commissioner, as a condition of a license, 'to be satisfied of the good repute in business of such applicant and named agents,' and in the power given to revoke the license or refuse to renew it upon ascertaining that the licensee 'is of bad business repute, has violated any provision of the act, or has engaged or is about to engage, under favor of such license, in illegitimate business or fraudulent transactions.' It is especially objected that, as to these requirements, no standard is given to guide or determine the decision of the commissioner. Therefore, it is contended that the discretion thus vested in the commissioner leaves 'room for the play and action of purely personal and arbitrary power.'

"We are a little surprised that it should be implied that there is anything recondite in a business reputation or its existence as a fact which should require much investigation. . . .

"Besides, it is certainly apparent that, if the conditions are within the power of the state to impose, they can only be ascertained by an executive officer. Reputation and character are quite tangible attributes, but there can be no legislative definition of them that can automatically attach to or identify individuals possessing them, and necesasrily the aid of some .executive agency must be invoked. The contention of appellees would take from government one of its most essential instrumentalities, of which the various national and state commissions are instances. But the contention may be answered by authority. In *Gundling* v. *Chicago,* 177 U. S. 183 [44 L. Ed. 725, 20 Sup. Ct. Rep. 633], an ordinance of the city of Chicago was passed on which required a license of dealers in cigarettes, and, as a condition of the license, that the applicant, if a single individual, all of the members of the firm, if a copartnership, and any person or persons in charge of the business, if a corporation, should be of good character and reputation, and the duty was delegated to the mayor of the city to determine the existence of the conditions. The ordinance was sustained. To this case may be added *Red 'C' Oil Mfg. Co.* v. *Board of Agriculture,* 222 U. S. 380, 394 [56 L. Ed. 240, 245, 32 Sup. Ct. Rep. 152], and cases cited; *Mutual Film Corp.* v. *Industrial Commission,* 236 U. S. 230 [Ann. Cas. 1916C, 296, 59 L. Ed. 552, 35 Sup. Ct. Rep. 387]; *Brazee*

v. *Michigan,* 241 U. S. 340, 341 [Ann. Cas. 1915C, 522, 60
L. Ed. 1034, 1035, 36 Sup. Ct. Rep. 561]. See, also, *Reetz*
v. *Michigan,* 188 U. S. 505 [47 L. Ed. 563, 23 Sup. Ct. Rep.
390]; *New York ex rel. Lieberman* v. *Van De Carr,* 199 U. S.
552 [50 L. Ed. 305, 26 Sup. Ct. Rep. 144].''

[2] It is a well-settled principle of law in this state that
by legislative act a commission or board may be empowered
to ascertain the existence of facts, upon the finding of
which may depend the right to continue in the practice of
a profession or a regulated business. (*Ex parte Whitley,*
144 Cal. 167 [1 Ann. Cas. 13, 77 Pac. 879]; *Suckow* v.
*Alderson,* 182 Cal. 247 [187 Pac. 965]; *Hewitt* v. *Board,*
148 Cal. 592 [113 Am. St. Rep. 315, 7 Ann. Cas. 750, 3
L. R. A. (N. S.) 896, 84 Pac. 39]; *Riley* v. *Chambers,* 181
Cal. 589 [8 A. L. R. 418, 185 Pac. 855].) And, as is
pointed out in the case of *Hall* v. *Geiger-Jones Co.,* 242
U. S. 539 [Ann. Cas. 1917C, 643, L. R. A. 1917F, 514, 61
L. Ed. 480, 37 Sup. Ct. Rep. 217], *supra,* and authorities
there cited, the same rule obtains where the inquiry is to
be made by such commission or board preliminarily to the
issuance of a license to transact a regulated vocation in the
first instance.

The so-called Real Estate Brokers' Act (Stats. 1919, p.
1272) is analogous to the statute here under consideration
in that one of the provisions of the former act in substance
requires that any person desiring to engage in business as
a real estate broker shall make application for a license so
to· do, and which application shall be accompanied by the
recommendation of two real estate owners, certifying to the
moral character of the applicant. The act further em-
powers the Real Estate Commissioner to require ''such other
proof as he may deem advisable of the honesty, truthful-
ness, and good reputation of any applicant for a license.''

In the case of *Riley* v. *Chambers,* 181 Cal. 589 [8 A. L. R.
418, 185 Pac. 855], which involved the constitutionality of
the Real Estate Brokers' Act, the court said, in part, that
the point under discussion was definitely settled by the
supreme court of the United States in the case of *Hall* v.
*Geiger-Jones Co., supra,* and that while ''the act does not
in so many words authorize the commissioner to refuse a
license if he is not satisfied as to the honesty, truthfulness,
and good reputation of the applicant, . . . such authority

is necessarily implied.'' It was therein held that the act was not invalid because of the requirement that persons desiring to engage in the occupation of real estate broker should furnish evidence of good moral character to the satisfaction of the commissioner.

The case of *Brecheen* v. *Riley,* 187 Cal. 121 [200 Pac. 1042], also involved the Real Estate Brokers' Act, but had to do with the power of the commissioner to revoke the license. The court in that case referred to many California, authorities on the subject and held that such power conferred upon the commissioner was valid and in harmony with constitutional rights.

Petitioner cites several cases in support of his contention, including: *Abrams* v. *Daugherty,* 60 Cal. App. 297 [212 Pac. 942]; *Harbor Commissioners* v. *Excelsior Redwood Co.,* 88 Cal. 491 [22 Am. St. Rep. 321, 26 Pac. 375]; *Ex parte Wall,* 48 Cal. 279, 313 [17 Am. Rep. 425]; *Shaezlein* v. *Cabaniss,* 135 Cal. 466 [87 Am. St. Rep. 122, 56 L. R. A. 733, 67 Pac. 755]; *Ex parte Cox,* 63 Cal. 21; *People* v. *Parks,* 58 Cal. 624; *Yick Wo* v. *Hopkins,* 118 U. S. 356 [30 L. Ed. 220, 6 Sup. Ct. Rep. 1064, see, also, Rose's U. S. Notes]; *City of Sonora* v. *Curtin,* 137 Cal. 583 [70 Pac. 674]; *In re Peppers,* 189 Cal. 682 [209 Pac. 896]; *Jacobs* v. *Dental Board,* 189 Cal. 709 [209 Pac. 1006]; *Hall* v. *Geiger-Jones Co.,* 242 U. S. 539 [Ann. Cas. 1917C, 643, L. R. A. 1917F, 514, 61 L. Ed. 480, 37 Sup. Ct. Rep. 217]. But none of such authorities appears to be inconsistent with the doctrine as heretofore announced.

[3] Incidentally, it is urged that because of the fact that the ''citation'' which was served upon petitioner contained no direct charge or complaint against him, the Corporation Commissioner was without jurisdiction to hear and determine the question of petitioner's ''good reputation''; and the case of *Abrams* v. *Daugherty,* 60 Cal. App. 297 [212 Pac. 942], is cited as an authority to support the contention that before the Corporation Commissioner may be authorized to proceed with a hearing of the nature of that here under consideration, the accused must be duly notified of the express charge preferred against him. It will be noted, however, that the case to which petitioner has referred dealt, not with an application for a license, but with a situation involving the revocation of a license. In

that case a property right in the licensee had already accrued of which he could be divested only by "due process of law." In the instant case, while petitioner at the time his application was filed was a licensee for the current year, his succeeding right to engage in the business as a broker was not vested, but was wholly contingent upon the quasi-judicial determination by the commissioner of the moral fitness of petitioner to engage in his chosen vocation. The proceedings looking to the issuance of a license were initi-  ated by petitioner when he filed his application therefor. From that point onward, he was obliged to be governed and controlled by the provisions of the statute covering an application for a license, rather than by any procedure applicable to a situation arising after a license had been issued. The statute does not expressly provide for, nor apparently contemplate, any written notice to the applicant that the commissioner will make any investigation or examination regarding the good reputation of the applicant; but permits "such further investigation of the applicant (by the commissioner) as he shall deem advisable." Not only the question of whether or not any "further investigation or examination" shall be had, but as well, in the event that any such investigation or examination should be instituted, its nature and extent are apparently left to the determination of the Corporation Commissioner. In view of the terms ·of the statute, the "citation" to petitioner, notifying him of the intention of the Corporation Commissioner to make such investigation and examination, was ample to direct his attention to the scope of the inquiry to be made. The return to the writ herein, which contains the transcript of the testimony of the numerous witnesses called by petitioner, evidences the fact that no misunderstanding of the purport of the notice was present in the mind of petitioner so as to prevent a full and complete presentation by him of the evidence in his behalf bearing upon the issue of his good reputation.

[4] It is also suggested by petitioner that the findings are not supported by the evidence; but an examination of the reporter's transcript of the proceedings had at the hearing discloses the fact that several witnesses testified in substance that petitioner's business reputation was bad. To quote from petitioner's brief herein, the authorities are

harmonious to the effect· that "the exercise of the power given to the Corporation Commissioner under the Corporate Securities Act to investigate an applicant for a broker's license is judicial or at least *quasi*-judicial." So much being conceded, the commissioner's finding of fact based upon the evidence is conclusive upon this court.

It follows that the order of the commissioner should be affirmed; and it is so ordered.

Conrey, P. J., and Curtis, J., concurred.