[Civ. No. 7512. Second Appellate District, Division Two.—October 28, 1930.]

HOWARD B. KECK, a Minor, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Chandler, Wright & Ward for Petitioner.

U. S. Webb, Attorney-General, L. G. Campbell, Deputy Attorney-General, and Harry L. Huston, Attorney for Division of Motor Vehicles, for Respondent.

CRAIG, J.—A verified complaint having been filed with the Division of Motor Vehicles, department of public works, charging the petitioner herein with having driven an automobile in a careless and reckless manner, and with being an habitual reckless driver, his license was suspended after a hearing thereon. He thereafter applied to the superior court for a trial and determination of the question as to his right to a license, to which application a demurrer was sustained without leave to amend. He now petitions for a writ of *mandamus* requiring the overruling of the demurrer and requiring said court to set the cause for trial.

The grounds of the application to the superior court were that the chief of the Division of Motor Vehicles acted in excess of his authority in suspending petitioner's license, that the evidence was not sufficient to warrant such action, and that petitioner was thereby deprived of his "free exercise and enjoyment of his liberty and property". █ The California Vehicle Act is attacked as being unconstitutional in that it attempts to confer upon executive officers excessive judicial authority. It is provided by section 73 thereof that certain specified officers, upon receipt of a verified complaint that an operator is a reckless, negligent or incompetent driver, may conduct a hearing to determine whether his license shall be suspended or revoked; that the chief of the division or person holding such hearing shall prepare findings upon the evidence received and considered; and that the license may be suspended for a period of six months or revoked if the findings be to the effect that such person is incompetent or unfit to drive for any reason authorizing the refusal of a license, or by reason of negligent or reckless driving which has endangered life, limb or property. All of the decisions cited by the petitioner hold or adhere to the rule that a commission or board may be empowered by legislative act to ascertain the existence of facts upon the finding

of which the right to continue in the practice of a profession or business may depend. It is therein expressly held that the functions of such a board or commission are in this regard not an exercise of "the judicial power of the state" as contemplated by the Constitution, but that they are *quasi* judicial, and that statutes conferring such power are constitutional. (*Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407 [156 Pac. 491]; *Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 319 [153 Pac. 24]; *Yosemite Lumber Co.* v. *Industrial Acc. Com.,* 187 Cal. 774 [20 A. L. R. 994, 204 Pac. 226]; *Tulare Water Co.* v. *State Water Com.,* 187 Cal. 533 [202 Pac. 874]; *Suckow* v. *Alderson,* 182 Cal. 250 [187 Pac. 965]; *Lanterman* v. *Anderson,* 36 Cal. App. 472 [172 Pac. 625]; *Leach* v. *Daugherty,* 73 Cal. App. 83 [238 Pac. 160].) In *Tulare Water Co.* v. *State Water Com., supra,* it was observed that the act there construed vested in the water commission some discretion, but not the power to determine conflicting claims to unappropriated water. The act before us in plain terms invests the named guardians of motor safety with power and authority to "conduct an investigation and hearing to determine whether the license of an operator or chauffeur shall be suspended or revoked".

█ The petitioner, who appears by his guardian *ad litem,* is a young man about sixteen years of age. He admitted that he could not say that he had not driven past the complainant's house in a residential district at the rate of 60 miles per hour. He also admitted that he had driven upon other occasions from 35 to 50 miles per hour, had been arrested therefor, and that although on probation at the time of the hearing, he had exceeded 40 miles per hour. The evidence tended to show that he had repeatedly collided with other automobiles, that he had been twice fined, had forfeited bail, and had caused property damage to various machines for which large sums of money were expended by the automobile club. An accident following which the specific charges here in controversy arose, wherein his machine was damaged and another wrecked, occurred upon a public street in the city while the petitioner was driving between 35 and 40 miles per hour. From the foregoing it cannot be seriously contended that it was unreasonable to conclude that petitioner's conduct was so careless, negligent and reckless as to warrant the action taken. Indeed, to have done otherwise

would have been a clear and inexcusable omission to perform an official duty, wisely imposed in the plain interest of public safety. Since the application which the petitioner in this court made to the superior court contained the testimony of witnesses given before the commissioner, and inasmuch as this evidence even considered most favorably to the petitioner compelled the conclusion that he was a reckless, negligent and incompetent driver, it would have served no good purpose for the superior court to have set the matter down for hearing. While that court unquestionably has jurisdiction to do so, there is nothing in the statute which indicates that under such circumstances it cannot refuse. We think the demurrer was properly sustained.

Writ denied.

Works, P. J., and Schmidt, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 26, 1930.