[Civ. No. 2120. Fourth Appellate District.—January 12, 1938.]

THE BANK OF PERRIS (a Corporation), Respondent, v. F. E. SANDOR et al., Appellants.

Clay & Handy and Thos. L. Clay for Appellants.

A. Heber Winder for Respondent.

MARKS, J.—This is an appeal from a judgment and from an order denying a new trial in an action to foreclose a chattel mortgage, with a cross-complaint for damages. The trial court denied relief to both parties.

Plaintiff is a banking corporation with its principal place of business in Perris, in Riverside County. Defendants were farmers who did their banking business with plaintiff.

On September 29, 1931, defendants were indebted to plaintiff in the sum of $1730. They executed their promissory note for that amount and secured it by a chattel mortgage. They were not able to pay the indebtedness when due and voluntarily delivered part of their chattels to plaintiff for sale. These were sold at prices approved by defendants and part of the money was credited on the indebtedness. Plaintiff gave the balance of this money to defendants as they were hard pressed financially and needed it. Some of the chattels were sold by defendants and the money retained by them without the knowledge or consent of plaintiff.

On March 30, 1934, there was an unpaid principal balance of $672.78 on the note, together with interest from October 29, 1932. Plaintiff brought suit to foreclose the chattel mortgage. .

On October 23, 1931, F. E. Sandor executed a bill of sale to plaintiff of personal property which contained among the articles sold some of the mortgaged property. Defendants received due credits for the selling price of these articles.

After the action was filed, and to compromise the matter, on April 5, 1934, F. E. Sandor executed another bill of sale to plaintiff and delivered the property to it. As a part of the same transaction, two days later, defendants executed the following instrument:

"RELEASE

"For and in consideration of the sum of One Dollar ($1) this day to us paid and other valuable considerations, we hereby release the Bank of Perris, a corporation, from any and all claims which we or either of us may have against it,

of every kind and description up to the date of this release. We also declare that we have unconditionally delivered possession to said bank of all the personal property secured by the chattel mortgage which was sought to be foreclosed in the complaint in the action by said bank against us, being number 25307 of the files of the Superior Court of the State of California, in and for the County of Riverside.

"We further certify that the delivery of the bill of sale by us to said bank to said property was unconditional and without any agreement whatsoever.

"It is understood that said consideration for the giving of said bill of sale to said bank is to release us from further liability on the note secured by said mortgage.

"DATED: April 7th, 1934.

"F. E. SANDOR

"ANNA T. SANDOR

"Signed, sealed and delivered in the presence of

"Witness

"C. J. CUTLER

"C. R. STEWART."

The property was sold and, in accordance with the agreement expressed in the quoted writing, the indebtedness was regarded as paid.

On July 12, 1935, fifteen months later, defendants filed an answer and cross-complaint whereby they sought judgment against plaintiff in the sum of $5,493.12. Their cause of action, if one were stated, was based upon alleged fraud on the part of plaintiff. This alleged fraud consisted of two elements: (1) the inclusion in the chattel mortgage of a Diesel engine and a pump which defendants maintain were fixtures attached to and a part of the realty, and (2) representation by the officers of the plaintiff that under the chattel mortgage plaintiff could take possession of the mortgaged property and sell it without the consent of defendants, coupled with the allegations of ignorance of the law on the part of defendants, and knowledge of the law on the part of the officers of plaintiff.

It should be here observed that the chattel mortgage contained the usual provision that in case of default the mortgagee might take possession of the mortgaged property and sell it according to law.

■ We know of no reason why a mortgage may not be made on both real and personal property. Here, the rights of third persons are not involved and as between the parties to the mortgage a sufficient lien is created on the property described therein.

■ The trial court, on ample evidence, found that the mortgaged property involved here had been voluntarily delivered by defendants to plaintiff and sold by plaintiff at prices approved by defendants, and all the money received, except that paid to or taken by defendants, had been credited on the debt.

The trial court, on ample evidence, further found that after the foreclosure suit was instituted the parties had effected a complete compromise and settlement. This was evidenced by the bill of sale we have referred to and the release we have quoted. A copy of this release was attached to the answer to the cross-complaint. Its genuineness and due execution were admitted by the failure to deny the same as required by section 448 of the Code of Civil Procedure.

Defendants attack the findings. They are prolix and some of them are unnecessary. The trial court found untrue the allegations of purported fraud and further found that the compromise and final settlement had been freely and fairly made. There is evidence to support these findings. They are sufficient to support the judgment and the others may be disregarded as unnecessary. The appeal is so entirely without merit that a detailed discussion of the challenged findings could serve no good purpose.

An appeal from an order denying a motion for new trial does not lie in a case of this nature. (Sec. 963, Code Civ. Proc.)

The attempted appeal from the order denying the motion for new trial is dismissed. The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.