[Civ. No. 26245.   Second Dist., Div. Four.   Mar. 14, 1963.]

DUANE JUNIOR KRIESEL, Plaintiff and Appellant, v. ROBERT McCARTHY, as Director of the Department of Motor Vehicles, Defendant and Respondent.

Beloud & Althouse and Charles S. Althouse for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Warren H. Deering, Deputy Attorney General, for Defendant and Respondent.

BURKE, P. J.—Respondent, the Director of the Department of Motor Vehicles, revoked petitioner's motor vehicle operator's license. Petitioner, by petition for writ of mandate in the superior court, sought to set aside the order of revocation. Trial was had on the record of the administrative proceedings previously held before the Department of Motor Vehicles. The court upheld the administrative order and entered findings of fact and conclusions of law supporting such decision. This appeal is from such judgment.

The administrative proceedings had been initiated by service upon petitioner of a "Notice of Proposed Action, Grounds Therefor, and Opportunity to be Heard." Petitioner appeared at a formal hearing and was represented by counsel. The referee rendered his findings of fact, found petitioner responsible for a collision causing death of a pedestrian, found him to be a negligent driver, and recommended revocation of his driver's license.

Thereupon, respondent revoked petitioner's license to drive. Petitioner filed his petition for writ of mandate alleging respondent's findings were not supported by the evidence in that (1) petitioner had not received a sufficient traffic violation point count to classify petitioner as a negligent driver as defined by section 12810 of the Vehicle Code, and (2) that there is no statutory authority for revoking petitioner's operator's license by reason of petitioner's involvement in a fatal vehicle accident.

It is undisputed that the "point count" of petitioner was not sufficient to render him "prima facie" a negligent driver under section 12810 of the Vehicle Code. But petitioner's driving record, culminating in a fatal vehicle accident, was duly exposed before the Motor Vehicle Department and the superior court and the finding that petitioner was a negligent driver is completely justified and supported by the record. On December 31, 1956, petitioner received a written warning from the department in connection with a conviction for speeding. On July 2, 1957, August 29, 1958, and on October 2, 1959, he was again convicted of speeding. On August 23, 1960, petitioner struck and killed a pedestrian in a crosswalk, as a result of which he was convicted of the violation of section 23104 (reckless driving involving bodily injury) and fined $285 in the municipal court.

Section 12810 of the Vehicle Code provides in part: "Any person whose driving record shows a violation point count of four or more points in 12 months, six or more points in 24 months, or eight or more points in 36 months shall be prima facie presumed to be a negligent operator of a motor vehicle." As a result of petitioner's driving record, reflecting the aforementioned violations, his negligent driver point count was only three points in 12 months, four points in 24 months, and five points in 36 months.

The trial court held that the findings of respondent were supported by the evidence, and the order of revocation was supported by the findings. This finding is adequate to support the judgment. The court further found that petitioner was a negligent driver "within the meaning of section 12810 of the Vehicle Code." The reference to section 12810 in this finding is erroneous and in conflict with the former finding and the evidence adduced. Hence, it may be disregarded. (*Bank of Perris* v. *Sandor*, 24 Cal.App.2d 349 [75 P.2d 87]; *Alonso* v. *Hills*, 95 Cal.App.2d 778 [214 P.2d 50].)

Petitioner contends that section 12810 of the Vehicle Code sets forth an exclusive standard to be followed in revoking licenses, and limits respondent's discretion in determining whether or not a driver is a negligent operator by requiring that the driver shall have accumulated violation points of at least the minimum amounts set forth in that section within the respective periods specified.

Essentially, petitioner argues that the discretion reposed in the director to determine who is a negligent operator is a quasi-judicial power which is enforceable only when limited

by definitely ascertainable standards or guides set by the Legislature; that in this case the "point count" is such a standard and is controlling. (*Keck* v. *Superior Court,* 109 Cal.App. 251 [293 P. 128]; *Beamon* v. *Department of Motor Vehicles,* 180 Cal.App.2d 200 [4 Cal.Rptr. 396].)

Such contention cannot be sustained.　　Section 12810 of the Vehicle Code does not confer the basic authority upon the Department of Motor Vehicles to suspend or revoke an operator's license. Such authority is granted by sections 13359 and 12809, subdivision (e). Section 13359 provides: "The department may revoke the privilege of any person to operate a motor vehicle upon any of the grounds which authorize the refusal to issue a license." Section 12809 provides: "The department may refuse to issue or renew a drivers license to any person: . . . (e) If the department determines that the applicant is a negligent or incompetent operator of a motor vehicle."

Section 13800 subdivision (c) of the Vehicle Code authorizes the department to conduct an investigation regarding suspension or revocation of a license upon receiving information or upon a showing by its records that the driver is a negligent driver. The records of the department must reflect, by force of section 1806 of the Vehicle Code, "all accident reports and abstracts of court records of convictions" of licensees. Accordingly, in this case the record of the gross negligence of petitioner warranted action by respondent, and independently of section 12810 respondent was authorized to proceed with a hearing, upon notice to petitioner, to determine whether or not petitioner was a negligent operator and if so to revoke his license.

Petitioner's contention that section 12810 sets the exclusive standard by which a "negligent operator" may be determined is repudiated by the court in *Beamon* v. *Department of Motor Vehicles, supra,* 180 Cal.App.2d 200, in which the trial court upheld the finding of the department that the licensee was a negligent operator based upon section 13359 (formerly Veh. Code, § 306). Section 12810 is mentioned as well as other pertinent sections authorizing revocation of licenses. The court stated (page 205): "The carefully detailed provisions of the Vehicle Code under which the department acted refute any implication of unlawful delegation of legislative power to the department. . . . The applicable sections provided a complete and comprehensive guide for departmental action."

■ Section 12810 of the Vehicle Code merely sets forth a statutory presumption that a licensee who has acquired the negligent violation point count set forth in the section is presumed prima facie to be a negligent driver. Thus, in a disciplinary proceeding to determine suspension or revocation of a license the burden of proof shifts to the licensee. This is a statutory exception to the usual rule. (*Bley* v. *Board of Dental Examiners*, 87 Cal.App. 193, 195 [261 P. 1036].) ■ The section does not expressly nor by implication prohibit the department from exercising its discretion in determining a licensee to be a negligent operator. Particularly are such proceedings to be regarded in accord with due process since judicial review of such action is specifically provided for in section 14400 of the Vehicle Code, and such review was had in the instant case.

The petitioner herein killed a pedestrian and was convicted of reckless driving in a criminal proceeding. To hold that such recklessness, coupled with his record of many previous convictions for speeding is not amenable to disciplinary action by the department of Motor Vehicles because section 12810 provides for a violation point count determinative of a presumption, prima facie, of negligence, would thwart the very purpose of such sections, namely, the effective elimination of hazard on the public highways. ■ Accordingly, we hold that section 12810 is not repugnant to sections 13359, 12809 and 13800, subdivision (c) of the Vehicle Code but is embraced within the general scope of these latter sections.

The judgment of the superior court denying the petition for writ of mandate is affirmed.

Jefferson, J., and Kingsley, J., concurred.